## DORR v. CHAPMAN.

Motion for new trial made in court contested.

MOTION was made for a new trial, during the session of the court at which judgment had been rendered: It was committed to writing, read by the clerk of the court, in the hearing of the adverse party and his counsel, and the duty paid.

Mr. Dana and Mr. Goodrich, for the defendant, took two exceptions, by way of abatement:—

1. That the defendant had not been lawfully summoned to appear and defend against said motion.

2. That the same reasons assigned in the motion for a new trial, had been before urged, for a continuance of the action, but were overruled by the court.

Mr. Root and Mr. Parsons, in support of the motion, said — That anciently, no new trial was allowed in this state, but by petition to the legislature. This practice was found inconvenient, and a statute was passed, enacting, " That the Superior and County Courts in this state, shall and may, from time to time, as occasion shall require, and as by them shall be adjudged reasonable and proper, grant new trials of causes that shall come before them, for mispleading, discovery of new evidence, or for other reasonable cause appearing, according to the usual rules and methods in such cases."— After this statute passed, the method of applying by petition was some time continued; but as the statute left the manner of the application to be regulated by the court, as should be found most conducive to a speedy administration of justice; the practice of moving in court has been permitted, and experience has shown it to be less

expensive, and more convenient, than the ancient practice of petitioning: The every purpose of notice is as fully answered by a motion in court, as by an original process, with the usual forms of service.

On the other side, it was contended by Mr. Goodrich — That the practice of moving in court for new trial had been permitted, where the parties were agreed, but had not been established by an adjudication of court. The conclusion of the statute, allowing the courts to grant new trial, is, that it may be done " according to the common and usual rules and methods in such cases." The common and usual method then was, to apply by petition, served on the adverse party twelve days before the time of trial. This is the only legal notice, and may not be dispensed with, but by agreement of parties. That the court evidently considered an application for a new trial, not simply as a motion, but as an original process; for the state duly was ordered to be paid in both cases.

The court gave no opinion on this question; but rejected the motion, on the second exception made to the motion.